## DOMINIC DOHERTY *vs.* INHABITANTS OF WALTHAM.

A town, placing at sunset, around a well opened in the highway, such barriers as to make it safe for the night to a person using ordinary care, are not responsible for an injury suf- fered during the same night, by a foot passenger, by reason of the removal of such bar riers, unless they had reasonable notice of such removal, and of the way having been thereby rendered unsafe.

ACTION OF TORT to recover damages for a defect in a high- way. Trial in the court of common pleas, before *Hoar*, J., who signed the following bill of exceptions :

" The plaintiff produced evidence tending to show that on the morning of a certain day there was a well opened in the main street in Waltham, more than twenty feet deep, in the travelled part of the street, and kept open during the night next succeeding, and that he, passing over that part of the street between nine and ten o'clock of the same night, fell into the same and was injured, and that the town had reasonable notice of this defect ; and that, at the time he fell in, there was no bar- rier, light or safeguard around the well.

" The defendants produced testimony tending to show that the well, being opened in the morning, was left open at night by the workmen, who placed some planks raised up some two feet from the ground as barriers about the well at sundown, but that when the plaintiff fell into the well, the plank on that side where he went in had been, either by accident or design, removed, but at what time removed there was no evidence.

" The plaintiff, upon this part of the case, asked the court to instruct the jury that if they found the well in the travelled part of the highway, and opened in such a manner that the town had reasonable notice of the existence of the opening as a defect, it then became the duty of the town to see the hole properly barri- caded and lighted or guarded, so as not to endanger the safety of travellers using ordinary care in passing over such highway ; and that the town were liable, if the plaintiff fell into the well, using ordinary care, although the barriers round the well were sufficient when they were put up and had been removed before the accident, without the knowledge or consent of the town.

" But the court declined so to instruct the jury, but did instruct them on this point, that if the well was in the highway and the town had reasonable notice that it was open and dangerous to travellers, the town would be obliged to remedy the defect by such railings, barriers or other safeguards, as would render passing in the highway safe and convenient for persons using ordinary care; but that if the town had notice of the well being open, and at sunset sufficient barriers were placed around it to make it safe for the night to persons using ordinary care, the town would not be responsible for the injury to the plaintiff, if those barriers were afterwards removed, whether by accident or design, unless the town had reasonable notice of the removal of the barriers and that the road had by such removal become again dangerous.

" The jury found for the defendants, and stated that they found the well to be within the highway. To these instructions and denials of instructions the plaintiff excepts."

*B. F. Butler*, for the plaintiff. The town became liable to any person, using the travelled part of the way with due care, and injured by an open well in the travelled part of the highway, the town having reasonable notice of such well being open. *Currier* v. *Lowell*, 16 Pick. 170. An open well in the travelled part of the highway is a nuisance, and the town must see to it that the way is made safe. *Batty* v. *Duxbury*, 24 Verm. 155. *Willard* v. *Newbury*, 22 Verm. 458. The well being a nuisance in the street, it was the fault of the town that it was there at all; and although the barriers placed round the well might have been accidentally removed, yet if the fault of the town contributed in the least degree to the damage of the plaintiff, he being blameless, they are liable. The law will not look to the degree of fault.

*G. A. Somerby*, for the defendants.

By the Court. The instruction prayed for was rightly refused, and the directions actually given by the judge were correct, and carefully guarded. *Exceptions overruled.*